IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-51166
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RAMON MANUEL SANCHEZ

Defendant - Appellant
--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-01-CR-14-1
--------------------
December 30, 2002

Before KING, Chief Judge, and DeMoss and Benavides, Circuit
Judges.

PER CURIAM:[*]

Ramon Manuel Sanchez appeals his guilty-plea convictions and

sentences for conspiring to possess marijuana with intent to

distribute and for conspiring to import marijuana.  He contends

that his convictions violated double jeopardy, in light of his

prior guilty pleas to substantive offenses of possessing

marijuana with the intent to distribute during the time of the

conspiracy.  Although Sanchez challenged the indictment on double

jeopardy grounds in the district court, his failure to object to

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the magistrate judge's report on the issue requires review for plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc). "[A] substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes." United States v. Felix, 503 U.S. 378, 389 (1992).

Sanchez also contends that the district court misapplied the Sentencing Guidelines by including drug quantities that were used to calculate the sentences in his previous substantive offenses. If the Government chooses to conduct separate proceedings for offenses arising out of the same relevant conduct, the trial court should accomplish a result comparable to the result of a single proceeding "by (1) imposition of a concurrent sentence, and (2) giving credit for time served." United States v. Wittie, 25 F.3d 250, 261 (5th Cir. 1994), aff'd sub nom., Witte v. United States, 515 U.S. 389 (1995); see also U.S.S.G. § 5G1.3(b) & comment. (n.2). The district court ran the current and former sentences concurrently and stated at sentencing that Sanchez should receive credit for time served. However, the written judgment does not indicate that Sanchez should receive credit for time served. As the district court indicated its desire for such credit, the written judgment should be amended to show this result. Consequently, Sanchez's conviction and sentence are AFFIRMED, but the case is REMANDED to the district court for

amendment of the judgment in conformity with the oral statements at sentencing.